UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL JOACHIN BILSON,

    Plaintiff,

v.

BILL ELFO, et al.,

    Defendants.

Case No. C05-0049-JLR

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Plaintiff's complaint alleges that officials at the Whatcom County Jail denied him access to the courts. Defendants have filed a motion for summary judgment in response to the complaint. The plaintiff has filed no opposition to the motion. Having reviewed the parties' pleadings, supporting materials, and the available record, the Court recommends that defendants' motion for summary judgment be granted and that plaintiff's action be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that, shortly after he was booked into the Whatcom County Jail on September 20, 2004, jail officials denied his properly prescribed medication. This is the subject of a § 1983 complaint in the Western District of Washington, pending before the

REPORT AND RECOMMENDATION
PAGE -1

Honorable Mary Alice Theiler.[1]  When he was not provided with what he deemed appropriate amounts of paper, stamps, and envelopes to proceed with his lawsuit, he filed this action as a separate § 1983 lawsuit.  This Report and Recommendation deals only with his access to court lawsuit.

Plaintiff alleges that officials ignored several administrative requests for the materials. Dkt. No. 9.  In addition, plaintiff contends that Sergeant Fair stated to him that it is "not the jail or jail staff's responsibility to assist inmates in suing the jail[,]" but that he would send plaintiff's request to Lieutenant DePaul.  Dkt. No. 9.

Plaintiff alleges that his right to access to the courts was violated by denying him access to sufficient supplies of paper, envelopes, and postage to file his suit.  Dkt. No. 9. Defendants have filed a motion for summary judgment.  Dkt. No. 15.  They argue that the suit should be dismissed as to Sheriff Elfo and Sergeant DePaul because plaintiff has failed to allege that they personally participated in violating his civil rights.  Dkt. No. 15.  They further argue that plaintiff has failed to demonstrate that plaintiff has actually suffered an injury. Dkt. No. 15.

Plaintiff has not responded to the motion for summary judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A material fact is a fact relevant to the outcome of the pending action.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Genuine issues of material fact exist when the evidence would enable "a reasonable jury . . . [to] return a verdict for the nonmoving party." *Id.* (internal citations omitted).  In response to a properly supported summary judgment

---

[1] Western District of Washington, Cause No. C05-047.

motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252.

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991); *see also WMX Technologies., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). Prison officials acting in their official capacity are persons acting under color of state law for purposes of § 1983. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Section 1983 liability arises only upon a showing that defendants personally participated in violating plaintiff's civil rights. *Respondeat superior* liability will not support § 1983 liability unless plaintiff demonstrates that a supervisor participated in the violations, directed the violations, or knew about the violations and did nothing to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (internal citation omitted); *see also Mabe v. San Bernardino County,* 237 F.3d 1101, 1109 (9th Cir. 2001).

Here, plaintiff has not demonstrated that defendants Elfo and DePaul personally participated in the alleged violation of his civil rights. With respect to Sheriff Elfo, the complaint only mentions that he "runs the jail." Dkt. No. 9. As to Lieutenant DePaul, the complaint only indicates that Sergeant Fair stated he would "check" with him regarding plaintiff's request. Moreover, Sergeant Fair stated that he contacted the Public Defender's Office on behalf of Mr. Bilson and told the plaintiff that the Public Defender's Office would provide him with his needed materials. He also told him that he could receive further

materials by simply sending a "blue slip." Fair Decl. Dkt. No. 9. As explained by Wendy Jones, the Chief of Corrections of the Whatcom County Jail, "blue slips" are used as a formal message system. If an inmate is requesting legal materials, the "blue slip" is routed to the Whatcom County Public Defender's Office. Jones Decl. Dkt. No. 9. In addition, if assistance is needed, there is a procedure to request a Whatcom County Superior Court to have the Public Defender appointed, or to arrange trips to the County law library. Jones Decl. Dkt. No. 9. Defendant has failed to indicate that he attempted to make use of any of these processes and procedures, or, if so, that they proved to be ineffective. There is therefore no indication that either Sheriff Elfo or Lieutenant Fair personally participated in denying plaintiff's civil rights. Hence, plaintiff has failed to plead facts that can reasonably be construed to show that these defendants violated his civil rights.

Even if plaintiff's complaint did adequately allege a violation against Sergeant Fair, summary judgment must be granted because plaintiff cannot demonstrate that he has suffered an actual injury. In order for an inmate to state a violation of his right to access the courts, he must show that deficiencies at the prison caused him an actual injury, such as a missed filing deadline. *Lewis v. Casey*, 518 U.S. 343, 348-49, 351-52 (1996). Here, plaintiff can make no such showing. Indeed, plaintiff was not only able to file his original suit in district court, but was able to bring the present suit as well. *See* Case No. 05-47. Plaintiff cannot demonstrate that he suffered the actual injury necessary to proceed with his suit against any of the named defendants.

Finally, plaintiff has failed to oppose the defendants' motion for summary judgment. Defendants' motion for summary judgment should therefore be granted as to all defendants.

## CONCLUSION

Defendants' motion for summary judgment should be granted because plaintiff's complaint fails to demonstrate how defendants Bilson and DePaul personally participated in violating his civil rights. Further, even if plaintiff could prove that they violated his civil

01 rights, he cannot show that any defendant caused him actual injury.  The Court therefore
02 recommends that defendants' motion for summary judgment be granted and plaintiff's suit be
03 dismissed with prejudice.
04        DATED this 5th day of August, 2005.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge